# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HINESVILLE HOUSING AUTHORITY, HINESHOUSE PROPERTY MANAGEMENT AND MAINTENANCE SERVICE, INC., HINESVILLE LEASED HOUSING CORPORATION, and MELANIE THOMPSON, <br><br> Defendants. | CASE NO.: 4:23-cv-00288-LGW-CLR |

## ORDER

Having fully considered the parties' consent protective order and for good cause shown, IT IS HEREBY ORDERED THAT the parties' Joint Motion for Entry of Protective Order is **GRANTED**, doc. 19, in part, and their agreed upon Protective Order, doc. 19-1, is entered, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

The parties' agreed-upon terms are as follows:

Plaintiff United States and Defendants Hinesville Housing Authority, Hineshouse Property Management and Maintenance Service, Inc., Hinesville Leased Housing Corporation, and Melanie Thompson ("Defendants") (collectively, the "Parties") expect that during the course of litigation it may be necessary to disclose certain confidential information. The Parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

The Parties respectfully maintain that good cause supports the entry of this Protective Order in this Fair Housing Act ("FHA") case, in which the United States alleges that Defendants retaliated against Complainant Chakehisia Santos (the "Complainant") after she engaged in protected activity under the FHA, culminating in the eviction of Complainant and her five minor children. Discovery in this case may involve the exchange of sensitive personal information regarding the Complainant and her children, Defendant Melanie Thompson, and tenants and employees of the organizational Defendants, including information of a private nature that is covered by the scope of the Privacy Act of 1974, 5 U.S.C. § 552a. Discovery in this case may also involve financial, proprietary, private and confidential information of the Parties and proprietary, private, and confidential information concerning non-parties.

Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of this Protective Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c). Nothing in this Protective Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

The Court hereby enters the following Protective Order:

1. **Scope.** All documents and materials produced in the course of discovery in this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is information that the producing Party designates, in good faith, that should be protected from disclosure and use outside the litigation because disclosure and use is restricted by statute or could harm the interests of the Parties and/or nonparties. For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information: personally identifying information ("PII") (*e.g.*, names, social security numbers, taxpayer identification numbers, personal telephone numbers, birth dates); financial information (*e.g.*, financial account numbers, income tax returns, other personal/business financial records); tenant records, criminal records or histories that are not publicly available; medical or psychological health information (*e.g.*, medical records, treatments or efforts to seek treatment, names or types of healthcare providers); residential history (*e.g.*, current or former home addresses, active or past rental applications); current contact information (*e.g.*, current telephone numbers, email addresses, social media usernames); personal health information ("PHI") (*e.g.*, medical and psychological conditions, treatments or efforts to seek treatment); personnel files; and the identities of minor children.. The Parties may move the Court for the inclusion of additional categories of information as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this

Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  For computer data, the medium of which makes the marking impracticable, the producing party shall mark the diskette case, USB drive and/or accompanying cover letter or email.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and that, as agreed in writing by all parties, do not otherwise disclose the substance of the Confidential Information are not required to be marked.

  **4.** **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

  **5.** **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

(a) **General Protections.** The parties agree that they will treat as confidential any document designated and produced by the other party with the marking. Designated Confidential Information shall not be used or disclosed other than when necessary to prosecute or defend this lawsuit, including any appeals. However, nothing in this Order prohibits or otherwise limits a party from using any of its own information (including but not limited to Confidential Information) to the full extent allowed by law.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons:

i. The parties;

ii. counsel to the parties, and partners, supervisors, associates, secretaries, paralegal assistants, and employees of such counsel only to the extent reasonably necessary to render professional services in this action;

iii. the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

iv. any special master or mediator appointed by a court or jointly selected by the parties in this action;

v. court reporters and videographers retained to take depositions, under the terms and limitations specified in this Order;

vi. persons retained by the parties or their counsel to assist in their investigations or discovery, to prepare for any hearing, or to serve

     as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

  vii.  witnesses and potential witnesses (and their counsel) who may testify as witnesses at any deposition or hearing, provided that such disclosure is reasonably in good faith calculated to aid in litigating this action.

  viii.  independent providers of document reproduction, electronic discovery, or other litigation services or process servers retained or employed specifically in connection with this litigation; and

  ix.  other individuals approved by the parties in writing, except that witness contact information (including phone number, address, and/or email address) may not be provided.

  **(c)**  **Control of Documents.** The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Prior to disclosing or displaying the Confidential Information to any persons described in paragraph 6(b)(iv)-(ix), counsel shall inform the person of the confidential nature of the information and inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

  **7.**  **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper

protection from public disclosure while also minimizing the nature and amount of information filed under seal. Where confidential information is mentioned in or attached to a pleading or brief, the confidential information should ordinarily be redacted from the filed pleading or brief and an unredacted copy of it filed under seal insuring compliance with this. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. This Order is not meant to prevent parties from filing documents with the Court that contain Confidential Information, where such Confidential Information has been properly redacted.

**8. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in-person or over the phone in good faith with the designating party to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9. Discovery.** The parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. Further, the parties agree that nothing in this Order concedes that any Confidential Information is discoverable or non-privileged.

**10.     Use of Confidential Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.

**11.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)     Destruction of Confidential Information.**  Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, each party shall, upon request of the opposing party, certify that it has destroyed all documents designated as containing Confidential Information, including copies as defined above, in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance.  Nor does this provision require a party to manually delete any data from disaster recovery of backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

**(c)     Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not

duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12. **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter. If the Order modification is made by motion, then the non-moving party shall receive notice and an opportunity to be heard on the proposed modification.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law offices, the parties, complainants, aggrieved persons, witnesses and other persons made subject to this Order by its terms.

15. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

16. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they

execute and file with the Court their written agreement to be bound by the provisions of this Order.

      17.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual party in the case of a pro se litigant, and must include a copy of the subpoena or court order.

      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations

set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information produced by the other party to this case.

SO ORDERED, this 5th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA