

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HINESVILLE HOUSING AUTHORITY, HINESHOUSE PROPERTY MANAGEMENT AND MAINTENANCE SERVICE, INC., HINESVILLE LEASED HOUSING CORPORATION, and MELANIE THOMPSON, <br><br> Defendants. | Case No.  4:23-CV-00288-LGW-CLR <br><br> Civil Action No. <br><br> **AMENDED ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Hinesville Housing Authority, Hineshouse Property Management and Maintenance Service, Inc., Hinesville Leased Housing Corporation, and Melanie Thompson (collectively referred to as "Defendants"), hereby answer the Complaint filed by Plaintiff, United States of America, with the following responses numbered to correspond with the numbered paragraphs of the Complaint (ECF 1). Defendants deny each and every allegation of the Plaintiff's Complaint not expressly admitted below and deny that Plaintiff is entitled to any relief.

## NATURE OF ACTION[1]

1. Defendants admit that Plaintiff is bringing this action pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"),

---

[1] Defendants include the headings that Plaintiff included in the Complaint, but to the extent those headings constitute allegations, Defendants deny the same

42 U.S.C. §§ 3601 *et seq.* on behalf of Chakehisia Santos ("Complainant"), but deny any and all other allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.     Defendants admit this Court has jurisdiction over claims brought by Plaintiff pursuant to the FHA.

3.     Defendants admit that venue is proper in this action.

## PARTIES AND THE SUBJECT PROPERTY

4.     Defendants admit that Complainant was a tenant at Regency Park Apartments located at 100 Regency Place, Hinesville, Liberty County, Georgia (the "Subject Property"), where she lived with her minor children.

5.     Defendants admit the allegations contained in Paragraph 5.

6.     Defendants admit that Defendant Hinesville Housing Authority designated units at the Subject Property pursuant to the Project-Based Rental Assistance Program authorized by 42 U.S.C. § 1437f which have been identified in submissions to the U.S. Department of Housing and Urban Development ("HUD") for which individuals must qualify to occupy, but deny any and all other allegations contained in Paragraph 6.

7.     Defendants admit the allegations contained in Paragraph 7.

8.     Defendants admit the allegations contained in Paragraph 8.

9.     Defendants admit the allegations contained in Paragraph 9.

10.    Defendants admit the allegations contained in Paragraph 10.

11.    Defendants admit the allegations contained in Paragraph 11.

12.    Defendants admit the allegations contained in Paragraph 12.

13.    Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

## FACTUAL ALLEGATIONS

21. Defendants admit that on or about December 16, 2019, Complainant signed a lease to live at the Subject Property, but is without sufficient information to admit or deny the remaining allegations in Paragraph 21 and, therefore, deny the same.

22. Defendants admit that based upon the information that Complainant provided in her application for benefits through the HUD Project-Based Rental Assistance Program on which Defendant Hinesville Housing Authority relied that Defendant Hinesville Housing Authority certified her as qualified for that Program under which she paid $0 per month for rent contingent upon her continuing to qualify under the Program. Defendants deny any and all other allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

## COMPLAINANT COMPLAINS INTERNALLY

24. Defendants admit that on or about July 29, 2021, it provided Complainant with a notice of late rent indicating she owed $48 for damage to her unit, but deny that the late rent notice was unexpected and deny any and all other allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants admit that Complainant was provided with information regarding how to make complaints and that Complainant understood the process to do so. Defendants are without sufficient information to admit or deny any other allegations in Paragraph 27 and, therefore, deny the same.

28. Defendants admit that a Notice of Lease violation was posted on Complainant's door on or about July 30, 2021, but deny any and all other allegations contained in Paragraph 28.

29. Defendants state that any notice posted on her door speaks for itself and deny any allegations inconsistent with such notice contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants admit that on or about August 2, 2021, Complainant called the Subject Property management office and sent an email to Pamela Ogden making several complaints including disputing the lease violations, but deny any and all other allegations contained in Paragraph 31.

32. Defendants state that the email speaks for itself and deny any allegations inconsistent with such email contained in Paragraph 32.

33. Defendants state that the email speaks for itself and deny any allegations inconsistent with such email contained in Paragraph 33.

34. Defendants state that the email speaks for itself, deny any and all other allegations contained in Paragraph 34.

35. Defendants state that the email speaks for itself, deny any and all other allegations contained in Paragraph 35.

36. Defendants admit the allegations contained in Paragraph 36.

37. Defendants admit that Complainant denied the lease violations, but deny any and all other allegation contained in Paragraph 37.

38. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 38.

39. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 39.

40. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 42.

43. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 43.

44. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 44.

45. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 45.

## COMPLAINANT FILES COMPLAINT WITH HUD

46. Defendants admit that on or about September 21, 2021, Complainant filed a fair housing complaint with HUD against Defendants as well as Ms. Ogden and Yantee Turner ("HUD Complaint"), but deny any and all other allegations contained in Paragraph 46.

47. Defendants admit the allegations contained in Paragraph 47.

48. Defendants admit the allegations contained in Paragraph 48.

49. Defendants state that the alleged "Notice of Lease Non-renewal" speaks for itself and deny any and all allegations contained in Paragraph 49.

50. Defendants state that the alleged "Notice of Lease Non-renewal" speaks for itself and deny any and all other allegations contained in Paragraph 50.

51. Defendants are without sufficient information to admit or deny the allegations in Paragraph 51 and, therefore, deny the same.

52. Defendants admit that on or about October 14, 2021, Complainant requested a meeting to appeal the "Notice of Lease Non-renewal," but deny any and all other allegations contained in Paragraph 52.

53. Defendants admit the allegation contained in Paragraph 53.

54. Defendants admit that Complainant denied the lease violations, but affirmatively states that Complainant made admissions that established the bases for the lease violations and denies any and all other allegations contained in Paragraph 54.

55. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 55.

56. Defendants state that any alleged audio recording speaks for itself and deny any and all other allegations contained in Paragraph 56.

57. Defendants admit the allegations contained in Paragraph 57.

58. Defendants admit the allegations contained in Paragraph 58.

59. Defendants admit the allegations contained in Paragraph 59.

60. Defendants admit the allegations contained in Paragraph 60.

61. Defendants admit that a writ of possession was executed on Complainant, but deny any and all other allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

## HUD ADMINISTRATIVE PROCESS

63. Defendants admit the allegations contained in Paragraph 63.

64. Defendants are without sufficient information to admit or deny the allegations in Paragraph 64 and, therefore, deny the same.

65. Defendants admit the allegations contained in Paragraph 65.

66. Defendants are without sufficient information to admit or deny the allegations in Paragraph 66 and, therefore, deny the same.

67. Defendants admit the allegation contained in Paragraph 67.

## CLAIM FOR RELIEF

68. Plaintiff does not include any allegations in Paragraph 68, but to the extent this paragraph can be construed as containing allegations, Defendants deny the same.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

## PRAYER FOR RELIEF

73. Defendants deny the allegations contained in Plaintiff's Prayer for Relief and deny the Plaintiff and/or Complainant are entitled to any relief, including those listed in Paragraphs 1 through 4 of this section.

Defendants deny any and all other allegations contained in the Complaint unless expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

In addition, Defendants asserts the defenses and affirmative defenses set forth below. By pleading these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

1. The Complaint, and each and every purported cause of action alleged therein, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or Complainant's failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action, including but not limited to failure to exhaust administrative remedies.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, laches, preemption, forfeiture, and/or unclean hands.

5. Plaintiff and/or Complainant are not entitled to recover any compensatory or punitive damages because neither Defendants, nor any of their officers, directors, managing agents, or employees committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendants did not authorize or ratify any such act.

6. If Plaintiff establishes by a preponderance of the evidence that Defendants' actions toward Complainant were based on an unlawful motive, Defendants would have taken the same action despite any such unlawful motive.

7. Defendants' conduct as alleged by Plaintiff was conduct required by the rules, policies, procedures, and practices imposed on them by HUD in carrying out the Project-Based

- 9 -

Rental Assistance Program under 42 U.S.C. § 1437f and other related programs administered by HUD.

8.  Plaintiff's claims are barred, in whole or in part, under the doctrines of res judicata, estoppel, and *Rooker-Feldman* due to Complainant's failure to raise the same in defense to the state court forcible entry and detainer proceeding.

Defendants reserve the right to assert additional affirmative defenses or defenses of which they becomes knowledgeable during the course of discovery.

Dated: ~~November _____, 2023~~January __, 2024

By: /s/ Scott P. Moore
~~Sarah H. Lamar (#_____)~~
~~HUNTER MACLEAN~~
~~200 E. Saint Julian Street~~
~~PO Box 9848~~
~~Savannah, GA 31412-0048~~
~~Telephone:   912-236-0261~~
~~Facsimile:    912-236-4936~~
~~slamar@huntermaclean.com~~
Scott P. Moore~~,~~ *(Admitted* ~~*Pro Hac Vice*~~ ~~*Pending*~~*)*
Brian ~~Bartmettler,~~Barmettler *(Admitted Pro Hac Vice* ~~*Pending*~~*)*
BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Telephone:   402-344-0500
Facsimile:    402-344-0588
spmoore@bairdholm.com

AND

Sarah H. Lamar (# 431185)
HUNTER MACLEAN
200 E. Saint Julian Street
PO Box 9848
Savannah, GA 31412-0048
Telephone:   912-236-0261
Facsimile:    912-236-4936
slamar@huntermaclean.com

Attorneys for Defendants
HINESVILLE HOUSING AUTHORITY, HINESHOUSE PROPERTY MANAGEMETN AND MAINTENANCE SERVICE, INC., HINESVILLE LEASED HOUSING CORPORATION, AND MELANIE THOMPSON

**CERTIFICATE OF SERVICE**

I hereby certify that on ~~November 7~~January __, ~~2023~~2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Bradford C. Patrick
    Andrea K. Steinacker
    Melissa A. Carrington

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

    None.

    /s/_____

~~6231333.1~~6231333.2

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.7.0.54 Document comparison done on 1/28/2024 4:40:25 PM** ||
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://cloudimanage.com/MATTERS/6231333/1 ||
| **Modified DMS:** iw://cloudimanage.com/MATTERS/6231333/2 ||
| **Changes:** ||
| Add | 22 |
| Delete | 17 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 39 |