UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HINESVILLE HOUSING AUTHORITY, HINESHOUSE PROPERTY MANAGEMENT AND MAINTENANCE SERVICE, INC., HINESVILLE LEASED HOUSING CORPORATION, and MELANIE THOMPSON, <br><br> Defendants. | CASE NO.:  4:23-cv-00288-LGW-CLR <br><br><br> **CONSENT ORDER** |

## I.   INTRODUCTION

1.   Plaintiff United States of America filed this action to enforce Title VIII of the Civil

Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42

U.S.C. §§ 3601-3631 (the "FHA").

2.   The United States filed this action on September 29, 2023, on behalf of Chakehisia

Santos ("Complainant"), pursuant to 42 U.S.C. § 3612(o).

3.   The Complaint alleges that Complainant and her five minor children were tenants of an

apartment located at Regency Park Apartments, 100 Regency Place in Hinesville, Liberty

County, Georgia (the "Subject Property").

4.   The Complaint alleges that Defendant Hinesville Housing Authority ("HHA") subsidized

the Subject Property through its Project-Based Rental Assistance Program under 42

U.S.C. § 1437f and was identified as the owner of the Subject Property in submissions to

the U.S. Department of Housing and Urban Development ("HUD").

5. The Complaint alleges that Defendant Hineshouse Property Management and Maintenance Service, Inc. ("HPMMS") managed the Subject Property pursuant to a memorandum of understanding with Defendant HHA and was identified as the landlord on Complainant's lease.

6. The Complaint alleges that Defendant Hinesville Leased Housing Corporation ("HLHC") owned the Subject Property, according to county property records.

7. The Complaint alleges that, at the times relevant to the Complaint, Defendant Melanie Thompson was the Chief Executive Officer of Defendant HHA, supervised Defendant HPMMS staff who managed and maintained the Subject Property, and was an agent of Defendants HHA, HPMMS, and HLHC.

8. The Complaint alleges that Defendants violated the FHA by threatening, issuing lease violations to, and ultimately evicting Complainant after she complained of discrimination and filed a fair housing complaint with HUD, in violation of 42 U.S.C. § 3617.

9. Defendants, individually and collectively, deny the allegations asserted in the Complaint filed in this action and in this Consent Order ("this Order"), including but not limited to the allegations that they retaliated against Complainant and/or her children or issued lease violations or evicted Complainant in retaliation for Complainant complaining of discrimination or filing a fair housing complaint with HUD.

10. Defendants, individually and collectively, further deny that they engaged in any form of unlawful discrimination or otherwise violated any person's rights afforded by the Fair Housing Act and/or any other federal, state, or local law or regulation.

11. This Order is not to be considered an adverse fair housing settlement, an adverse civil rights settlement, or an adverse federal or state government proceeding and settlement.

12. The Parties have voluntarily agreed, as indicated by the signatures below, to resolve the United States' claims against Defendants without further proceedings or a trial. This Order constitutes full resolution of the claims in the United States' Complaint against Defendants.

**Therefore, the following is ORDERED, ADJUDGED, and DECREED:**

## II.    INJUNCTIVE RELIEF AS TO HHA, HPMMS, AND HLHC

### A. Nondiscriminatory Procedures

13. HHA, HPMMS, and HLHC, along with their employees, operators, managers, agents, and all other persons or entities in active concert or participation with them, will continue to refrain from retaliating against, or otherwise interfering with, any person for having exercised or attempted to enjoy his or her rights under the Fair Housing Act or having aided or encouraged any other person to exercise or enjoy his or her rights under the Fair Housing Act.

14. HHA, HPMMS, and HLHC, along with their employees, operators, managers, agents and all other persons or entities in active concert or participation with them, will take all actions to ensure that their practices governing terminations of leases and rental assistance comply with all HUD regulations and HUD guidance in the HUD Handbook 4530.3: Occupancy Requirements of Subsidized Multifamily Housing Programs, Chapter 8, Section 1 ("Termination of Assistance") and Section 3 ("Termination of Tenancy by Owners") (November 27, 2013) regarding these subject areas.

15. Within six (6) months of the effective date of this Order, and every six (6) months thereafter, HHA, HPMMS, and HLHC will provide the United States with the names of any tenant who has complained (whether verbally or in writing) about discrimination or unequal or unfair treatment with regard to a lease or subsidy termination. In addition to the name(s) of the tenant(s), Defendants will include the basis for the termination, and provide a copy of the complaint (if in writing).

**B.  Training**

16. Within thirty (30) days of the date of entry of this Consent Order, HHA, HPMMS, and HLHC shall:

    a.  provide a copy of this Consent Order to all board members, officers, and directors, as well as all employees and agents whose duties involve issuing or communicating with tenants regarding lease violations, lease terminations, informal hearings, fair housing complaints, subsidy recertifications, subsidy terminations, or evictions (all individuals described in this subparagraph collectively described as "Covered Individuals");

    b.  provide an opportunity for every Covered Individual to ask questions about the requirements in the Consent Order;

    c.  obtain a signed statement in the form of Appendix A from each Covered Individual acknowledging that the Covered Individual received a copy of this Consent Order and had the opportunity to have questions about it answered; and

    d. provide copies of all signed versions of Appendix A to the United States.[1]

17. Each time that HHA, HPMMS, or HLHC hires or engages a new Covered Individual, the relevant Defendant shall complete the steps in Paragraph 16 with respect to the new Covered Individual within thirty (30) days.

18. Within ninety (90) days of the entry of this Order, all Covered Individuals shall attend an educational program that provides instruction regarding their obligations under the FHA, with specific emphasis on the prohibitions against retaliation and interference under 42 U.S.C. § 3617. This training shall also provide instruction on the requirements under HUD regulations and the HUD Handbook 4350.3 for terminating assistance and terminating tenancy. The training will be conducted by a qualified person approved in advance by the United States, and shall last at least two hours. The training shall be live (i.e., conducted in real time by the qualified individual) but may be conducted by remote means. All expenses associated with this training shall be borne by Defendants HHA, HPMMS, and HLHC. Defendants may video record the educational program for purposes of compliance training for employees hired after the date of the initial training. Each Covered Individual shall execute a certification of fair housing training in the form

---

[1] All materials required to be sent to the United States shall be emailed to Nathan.Shulock@usdoj.gov (or alternative email addresses provided by the United States) or mailed via overnight delivery to:

    Chief, Housing and Civil Enforcement Section
    Civil Rights Division
    U.S. Department of Justice
    4 Constitution Square
    150 M Street NE
    Washington, DC 20002
    Attn: DJ # 175-20-126

of Appendix B, and Defendants HHA, HPMMS, and HLHC will provide these completed

certificates within thirty (30) days of the training.

19. Each time that HHA, HPMMS, or HLHC hires or engages a new Covered Individual, the

relevant Defendant shall complete the steps in Paragraph 18 with respect to the new

Covered Individual within forty-five (45) days, and the relevant Defendant will provide

the completed certificate in the form of Appendix B to the United States within thirty

(30) days of the training.

## C. Equitable Relief for Complainant

20. Within thirty (30) days of the entry of this Order, Defendants HHA, HPMMS, and HLHC

shall file reports with HUD to correct any prior reports (e.g., Form 50059A, Items 17,

19–21) stating or implying that Complainant's lease termination, termination of

assistance, eviction, or move-out from the Subject Property were due to lease violations

by Complainant.

21. Within thirty (30) days of the entry of this Order, HHA shall provide a letter on its

letterhead (addressed, "To whom it may concern") to counsel for the United States, who

will provide a copy to Complainant, stating that she did not violate the lease governing

her tenancy at the Subject Property and giving her a positive rental reference.  A positive

rental reference is one which states: "Ms. Santos did not violate her lease, complied with

the property's rules, and met the conditions of tenancy."

22. Defendants HHA, HPMMS, and HLHC shall respond to any rental reference requests

regarding Complainant by providing a positive reference and, if asked, state that she did

not violate the lease governing her tenancy at the Subject Property.

23. Within thirty (30) days of the entry of this Order, Defendants HHA, HPMMS, and HLHC shall deliver a written request to each of the three major credit bureaus[2] and any other database to which Defendants or their agents have reported information regarding Complainant, asking to remove any negative entries regarding Complainant resulting from Defendants' reports. Defendants shall promptly provide copies of all such written requests to the United States.

24. Within thirty (30) days of the entry of this Order, HPMMS shall file a motion in the Liberty County State Court regarding *Hineshouse Property Management & Maintenance Services, Inc. v. Santos*, Case No. STSV2022000059, seeking to vacate the judgment, dismiss the action, and seal the matter. When the Liberty County State Court rules on this request, HPMMS shall promptly inform the United States of the ruling.

## III.   INJUNCTIVE RELIEF AS TO MELANIE THOMPSON

25. Defendant Melanie Thompson is enjoined for the duration of this Order from working in any capacity whatsoever for the Defendants HHA, HPMMS, and HLHC.

26. Defendant Melanie Thompson shall undergo and participate in the training described in paragraph 18 above and certify her attendance and participation.

27. For the duration of this Consent Order and from its date of entry, Defendant Melanie Thompson shall report to the United States if she engages in employment that includes direct responsibilities regarding the day-to-day management operations of property that receives federal financial assistance from HUD. If Defendant Thompson engages in such employment during the term of this Order, she will provide the United States with a

---

[2] Equifax, Experian, and TransUnion.

certification that she has reviewed and will comply with the HUD regulations and Handbook provisions pertaining to lease and subsidy terminations.

## IV.   MONETARY RELIEF FOR COMPLAINANT

28. Within fifteen (15) days of the entry of this Consent Order, Defendants shall send a check, payable to Complainant in the amount of $50,000, to counsel for the United States.

29. In order to receive payment pursuant to Paragraph 28, Complainant must execute a release of claims in the form of Appendix C.  After receiving the check from Defendants and signed release from Complainant, the United States will provide the check to Complainant and a copy of the signed release to Defendants.

## V. JURISDICTION, DURATION, AND SCOPE

30. This Order is effective immediately upon its entry by the Court and shall remain in effect for three (3) years from the date of its entry.

31. The Court shall retain jurisdiction over this action and the Parties for the purpose of enforcing and modifying its terms while the Consent Order remains in effect.  The United States may move the Court to extend the duration of this Consent Order if the United States believes that an extension is required to effectuate the rights and obligations arising from this Consent Order.

32. This action and the Complaint shall be deemed dismissed with prejudice upon the expiration of this Consent Order.

33. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the Parties.  Any other terms of this Consent Order shall not

be modified, revised, or altered unless mutually agreed upon in writing by the Parties and approved by the Court.

34. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matter to the Court for resolution.  However, in the event Defendants fail to perform in a timely manner any act required by this Order or act in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of damages, costs, and reasonable attorney's fees that may have been occasioned by Defendants' violation or failure to perform.

35. The United States may conduct compliance testing for the purpose of determining whether the Defendants are complying with the terms of this Consent Order and the provisions of the Fair Housing Act.

## VI. COSTS OF LITIGATION

36. Aside from the provisions of Paragraph 34, all Parties shall be responsible for their own attorney's fees and costs associated with this action.

## VII. TERMINATION OF LITIGATION HOLD

37. The Parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a

litigation hold.  Nothing in this Paragraph relieves any of the Parties of any other

obligations imposed by this Consent Order.


**SO ORDERED** this _16_ day of _____ 2024.

_____
Hon. Lisa Godbey Wood
United States District Judge

10

## APPENDIX A

## ACKNOWLEDGMENT OF RECEIPT OF CONSENT ORDER

On _____, I received a copy of the Consent Order entered by the Court in *United States v. Hinesville Housing Authority, et al.*, No. 4:23-cv-00288 (S.D. Ga.). I have read the Consent Order and have had all of my questions concerning the Consent Order answered to my satisfaction.

_____

Signature

_____

Print name

_____

Organization

_____

Position

_____

Date

## APPENDIX B

## CERTIFICATION OF FAIR HOUSING TRAINING

On _____, I attended training on the federal Fair Housing Act, including its prohibitions against interfering with or retaliating in response to a person's exercise or enjoyment of fair housing rights.  I have had all of my questions concerning the Fair Housing Act answered to my satisfaction. 

_____
Signature


_____
Print name


_____
Organization


_____
Position


_____
Date

## APPENDIX C

## RELEASE OF CLAIMS

In consideration of and contingent upon the payment of the sum of $50,000 in accordance with the Consent Order entered in *United States v. Hinesville Housing Authority, et al.*, No. 4:23-cv-00288, by the United States District Court for the Southern District of Georgia, I hereby release and forever discharge all Defendants named in this action from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in this action as of the date of the entry of this Order. I fully acknowledge and agree that this release will be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

_____
Chakehisia Santos


_____
Date